# Illinois Official Reports

## Appellate Court

---

**BMO Harris Bank, N.A. v. K&K Holdings, LLC, 2016 IL App (2d) 150923**

---

| | |
|---|---|
| Appellate Court Caption | BMO HARRIS BANK, N.A., Plaintiff-Appellee, v. K AND K HOLDINGS, LLC, 666-121-1613 NORT-WOOD-INV, LLC, UNKNOWN OWNERS, and NONRECORD CLAIMANTS, Defendants (Frank Kaldis and John Karagiannis, Defendants-Appellees). |
| District & No. | Second District<br>Docket No. 2-15-0923 |
| Filed | May 31, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 12-CH-1728; the Hon. Bonnie M. Wheaton, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Patrick M. Griffin and Richard L. Williams, both of Griffin Williams LLP, of Geneva, for appellant.<br><br>Thomas H. Peckham and Mark A. Silverman, both of Lowis & Gellen LLP, of Chicago, for appellees. |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion.<br>Justices Burke and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendants Frank Kaldis and John Karagiannis appeal from an order of the circuit court of Du Page County granting summary judgment against them on claims that they breached a written guaranty. They contend that the claims against them, which arose out of the same guaranty that provided the basis for similar claims against them in Kane County, are barred by *res judicata*. Because the claims, although based on the same guaranty, arose out of separate transactions, *res judicata* does not apply, and we affirm.

¶ 2                           I. BACKGROUND

¶ 3 Plaintiff, BMO Harris Bank, N.A., filed an eight-count complaint in the circuit court of Du Page County against defendants, K&K Holdings, LLC (K&K), 666-121-1613 Nort-Wood-Inv, LLC, unknown owners, nonrecord claimants, Kaldis, and Karagiannis. Counts I through III each sought relief against K&K for breach of one of three separate loan agreements related to property located in Du Page County.[1] Counts IV and V sought relief, respectively, against Kaldis and Karagiannis for breach of a written guaranty. Counts VI through VIII sought foreclosure of separate mortgages, each related to one of the three loans. Plaintiff moved for summary judgment on all counts.

¶ 4 The following facts are taken from the materials related to the motion for summary judgment. On January 12, 2012, before initiating its action in this case, plaintiff filed a four-count complaint in the circuit court of Kane County. Count I sought relief against K&K for breach of a loan agreement related to property located in Kane County. Counts II and III alleged, respectively, that Kaldis and Karagiannis breached a written guaranty. Count IV sought to foreclose a mortgage on the loan.

¶ 5 On August 10, 2012, plaintiff filed its complaint in this case. Pertinent to this appeal, counts IV and V relied on the same guaranty as that relied on in counts II and III of the Kane County action. The guaranty, executed by both Kaldis and Karagiannis, provides, in pertinent part, that it is a "continuing guaranty" under which each guarantees the "payment, performance and satisfaction of the indebtedness of borrower to lender, now existing or hereafter arising or acquired, on an open and continuing basis." The guaranty further provides that each guarantor waives "any defenses given to guarantors at law or in equity other than actual payment and performance of the indebtedness." Finally, each guarantor "warrants and agrees that [the waivers are] made with [g]uarantor's full knowledge of [their] significance and consequences and that, under the circumstances, the waivers are reasonable and not contrary to public policy or law."

¶ 6 On November 5, 2014, the trial court in the Kane County case entered summary judgment in favor of plaintiff as to all of its claims. On March 30, 2015, the court entered a final judgment in that case.

¶ 7 On February 25, 2015, the trial court in this case entered summary judgment in favor of plaintiff on all counts. On May 6, 2015, after the final judgment in the Kane County case had been entered, but before the February 25 order in this case became final and appealable,

---

[1]Any action to foreclose a mortgage must be brought in the county in which the property is situated. 735 ILCS 5/2-103(b) (West 2012).

Kaldis and Karagiannis filed a motion to reconsider the summary-judgment order. In doing so, they asserted that *res judicata* barred the claims under the guaranty, because plaintiff had obtained final relief against them on that same guaranty in the Kane County case.

¶ 8      The trial court found that, under the terms of the guaranty, plaintiff was entitled to bring a separate action for each alleged breach of the guaranty. Thus, the court denied the motion to reconsider and entered deficiency judgments against both Kaldis and Karagiannis in the amount of $6,458,865.88. Kaldis and Karagiannis then filed a timely notice of appeal.

¶ 9                                   II. ANALYSIS

¶ 10      On appeal, Kaldis and Karagiannis contend that, under the transactional test for assessing whether there is an identity of causes of action for purposes of *res judicata*, the signing of the guaranty constituted a single transaction, and thus the guaranty claims in this case and the Kane County case arose out of that same transaction. Plaintiff responds, among other things, that, because the guaranty was continuing, and thus applicable to multiple loan transactions, the claims in this case are distinct from those in the Kane County case.

¶ 11      Summary judgment may be granted only when the pleadings, depositions, admissions, and affidavits, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Gurba v. Community High School District No. 155*, 2015 IL 118332, ¶ 10. Our review of an order granting summary judgment is *de novo*.[2] See *Gurba*, 2015 IL 118332, ¶ 10. Here, because there are no issues of material fact, only a question of law is involved. See *Gurba*, 2015 IL 118332, ¶ 10.

¶ 12      Under *res judicata*, a final judgment rendered by a court of competent jurisdiction bars a subsequent suit between the same parties and involving the same cause of action. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998). The bar includes not only claims actually decided in the prior action, but those that could have been decided. *River Park, Inc.*, 184 Ill. 2d at 302. For the doctrine to apply, the following requirements must be satisfied: (1) a final judgment on the merits by a court of competent jurisdiction, (2) an identity of causes of action, and (3) an identity of the parties or their privies. *River Park, Inc.*, 184 Ill. 2d at 302. Here, the only issue is whether, in this case and the Kane County case, there is an identity of the causes of action related to the guaranty.

¶ 13      Illinois courts apply a transactional test in determining whether there is an identity of actions. *River Park, Inc.*, 184 Ill. 2d at 310. Under that approach, separate claims will be considered the same cause of action for purposes of *res judicata* if they arose from a single group of operative facts, regardless of whether they assert different theories of relief. *River Park, Inc.*, 184 Ill. 2d at 311. Under the transactional analysis, the nature of the evidence needed to prove the claims is relevant for purposes of demonstrating that the claims arose from the same group of operative facts. *River Park, Inc.*, 184 Ill. 2d at 311. However, the transactional test permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arose from the same transaction. *River Park, Inc.*, 184 Ill. 2d at 311. What factual grouping constitutes a transaction or series

       [2]It does not follow that, when a party files a motion to reconsider the entry of summary judgment, what would otherwise be *de novo* review is transformed into the more deferential abuse-of-discretion review. *CNB Bank & Trust, N.A. v. Rosentreter*, 2015 IL App (4th) 140141, ¶ 121.

of transactions is to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. *River Park, Inc.*, 184 Ill. 2d at 312.

¶ 14    Accordingly, the applicability of *res judicata* in this case depends on what constitutes the operative transaction. Undoubtedly, Kaldis and Karagiannis executed a single guaranty. However, the language of the guaranty shows that the parties contemplated that there would be multiple loan transactions, each of which would trigger potential liability under the guaranty. Indeed, material to each of those transactions was the existence of the guaranty. Therefore, when K&K entered into an additional loan agreement with plaintiff, Kaldis and Karagiannis became obligated anew as guarantors of that separate loan transaction. That being the case, although there was only one guaranty, each loan constituted a distinct transaction implicating the guaranty. Therefore, the operative transaction for purposes of *res judicata* was each of the loans.

¶ 15    Our conclusion that each loan agreement constituted a separate transaction for purposes of *res judicata* is reinforced by the pragmatic considerations set forth by our supreme court. See *River Park, Inc.*, 184 Ill. 2d at 312. It is evident that when the parties entered into the original loan agreement, including the guaranty, they anticipated future loan transactions, including the need for an additional guaranty as to each. Rather than having Kaldis and Karagiannis enter into a new guaranty for each such loan, they opted for a continuing guaranty that would create a new obligation for Kaldis and Karagiannis for each new loan. Therefore, treatment of each loan as including a distinct guaranty conforms to the parties' business expectations. Additionally, the facts underlying all the loan transactions would not form a convenient trial unit, as the terms of the various loan agreements, the facts related to the breaches thereof, and the potential liability under the guaranty would be unique to each case. Nor are the facts as to the loans related in time, space, origin, or motivation. As discussed, each loan would be unique as to the amount, payment, and other terms. Similarly, the property related to each loan would likely be unique in its value, purpose, and location. More importantly, the potential liability under the guaranty would vary greatly with the terms of each loan. When we weigh the various pragmatic factors, they strongly support our conclusion that the operative transactions in this case were the separate loan transactions, each of which incorporated the guaranty.

¶ 16    Kaldis and Karagiannis, however, assert that, because they entered into only one guaranty, there was only a single transaction related to the guaranty regardless of how many loans were transacted. That view, however, is entirely inconsistent with the express language of the guaranty. As noted, the guaranty provides, in pertinent part, that the guarantors agree to guarantee payment and satisfaction on the indebtedness of K&K, whether existing or in the future, and to do so on an "open and continuing basis." The plain meaning of that language is that Kaldis and Karagiannis agreed to guarantee all loans from plaintiff to K&K, including any that arose after the guaranty was executed. Thus, Kaldis and Karagiannis's characterization runs counter to the parties' intent as reflected in the guaranty. Indeed, if we were to adopt the position of Kaldis and Karagiannis, they could assert *res judicata* to block any subsequent claim under the guaranty. That would render the continuing-obligation language meaningless. See *Telegraph Savings & Loan Ass'n v. Guaranty Bank & Trust Co.*, 67 Ill. App. 3d 790, 796 (1978) (a guaranty, as an instrument serving the uses and

convenience of commercial intercourse, should be construed according to what may fairly be said to be the understandings of the parties).

¶ 17 Because the operative transactions were the various loan agreements, each of which uniquely implicated the guaranty, there was not an identity of cause of action between this case and the Kane County case. Therefore, the trial court in this case did not err in granting summary judgment on plaintiff's claims under the guaranty. Because we affirm on that basis, we need not reach plaintiff's alternative arguments.

¶ 18                                III. CONCLUSION

¶ 19 For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 20 Affirmed.